IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

BOBBY WEST, COYA JACKSON, DIANECHIA
PATTERSON , MICHAEL PERKINS,
FALANDO MARION, JANET F. POWER
AND DANIEL GREEN,

      Plaintiffs

VS.                                       CAUSE NO.: 3:16CV079-MPM-SAA

CITY OF HOLLY SPRINGS, MISSISSIPPI
AND KELVIN O. BUCK, Mayor of the
City of Holly Springs

      DEFENDANTS

---

## COMPLAINT

---

COMES NOW, Plaintiffs, Bobby West, Cora Jackson, Dianechia Patterson, Michael

Perkins and Falando Marion (hereinafter West, Jackson, Patterson, Perkins, Marion and/or

Plaintiffs) by and through counsel and files this their Complaint against Defendants for violations

by the Defendants of the Fair Labor Standards Act (FLSA). The Plaintiffs assert that Defendants

failed to pay Plaintiffs proper overtime compensation in violation of the FLSA.

### PARTIES

1.     Bobby West is an adult resident citizen of Oxford, Lafayette County,

Mississippi.

2.     Coya Jackson is an adult resident citizen of Holly Springs, Marshall County,

Mississippi.

3.   Dianechia Patterson is an adult resident citizen of Byhalia, Marshall County, Mississippi.

4.   Michael Perkins is an adult resident citizen of Holly Springs, Marshall County, Mississippi.

5.   Falando Marion is an adult resident citizen of Potts Camp, Marshall County, Mississippi.

6.   Daniel Green is an adult resident citizen of Nettleton, Monroe County, Mississippi.

7.   Janet F. Power is an adult resident citizen of Ashland, Benton County, Mississippi.

8.   Defendant, City of Holly Springs, Mississippi, is a municipal corporation of the State of Mississippi organized under the authority of Mississippi law, and pursuant to Rule 4(d) of the Mississippi Rules of Civil Procedure, process may be served upon the Defendant by delivering the Summons and a copy of the Complaint to the Mayor or Municipal Clerk or City Clerk of the City of Holly Springs at 160 South Memphis Street, Holly Springs, Mississippi 38635.

9.   The Defendant, Kelvin Buck, (hereinafter Mayor Buck) is an adult resident citizen of Marshall County, Mississippi who may be served with process at 160 South Memphis Street, Holly Springs, Mississippi 38635.

10.   Defendants John Doe 1-5 are presently unknown persons who, directly or indirectly, directed, aided, abetted and/or assisted with creating and/or executing the policies and

-2-

practices of Defendants which resulted in Defendants failing to pay Plaintiffs proper compensation pursuant to the FLSA.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 because the claims herein arise under the laws of the United States, specifically 29 U.S.C. §201, *et. seq.*

12.     Venue is proper in this judicial district pursuant to 28 USC §1391(b)(1) and (b)(2) because the Defendants are incorporated and/or reside in said judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## ALLEGATIONS OF FACT

13.     The allegations set forth in paragraphs 1- 12 above are hereby incorporated herein by reference.

14.     Plaintiffs bring this action against the Defendant for violations of the FLSA on resulting from the Defendants' unlawful wage practice and policies described herein in violation of 29 U.S.C. §§ 206 and 207.

15.     Plaintiffs were and/or are employed by the City of Holly Springs Police Department (hereinafter the Police Department), and are subject to the unlawful wage policies and practices of the Defendants as described herein.

16.     All Plaintiffs named herein were employed by the Police Department as police officers at all relevant times pertaining to this Complaint.

-3-

17.     Under the FLSA, the Plaintiffs as police officers and first responders, are not exempt employees and are protected by the minimum wage and overtime protection of the FLSA.

18.     In August 2014, Mayor Buck instituted a new wage and compensation policy and practice for payment of his police officers. Under this policy, all police officers were to be paid a "salary" equivalent to forty-three (43) hours per week at their regular rate of pay.

19.     Upon knowledge and information, this new policy provided that police officers employed by the Police Department be compensated for any overtime over forty-three (43) hours up to a maximum of forty-six (46) hours per week. However, the new policy provided for no overtime pay for hours worked in excess of forty-six (46) hours per week.

20.     By way of example, an employee who worked a total of sixty (60) hours in a regular work week would, under the new payment system instigated in August 2014, be paid at his regular rate of pay for forty-three (43) hours, overtime pay for an additional three (3) hours up to forty-six (46) total hours. The employee was advised that any remaining hours worked (in this example - fourteen (14) hours), would be "rolled over" and included on the next pay period.

21.     These policies and procedures implemented by the Defendants denied rightful overtime compensation to the Plaintiffs for the hours worked over forty-three (43) hours in a pay period.

22.     Although these wage policies and procedures have been followed in some form since August 2014, the methodology utilized by the Defendants have not been consistent, thus making it difficult to determine how the Defendants are calculating the Plaintiffs' compensation. The Defendants are not compensating the Plaintiffs properly for overtime based upon the time worked and submitted to the Defendants by the Plaintiff for each pay period.

-4-

23.     Upon knowledge and information, the Defendants have also altered time sheets submitted by the Plaintiffs to the City Clerk without the Plaintiffs' knowledge or consent.

24.     Upon knowledge and information, these alterations to the Plaintiffs' time sheets have been made to "adjust" employee hours in order to accommodate the new payment policies and practices and have resulted in improper payment to the Plaintiffs for overtime worked.

25.     The Plaintiffs have also required to attend training sessions, workshops and other meetings before and after the officer's regular work schedule or shifts. The Defendants have failed and refused to compensate the Plaintiffs for attendance of these training sessions, work shops and other meetings as required by the FLSA.

26.     Defendants have failed and refused to properly compensate the Plaintiffs for overtime pay despite repeated grievances submitted by the Plaintiffs to the Defendants that they were not being properly compensated.

27.     In February 2013, Plaintiff Falando Marion was promoted by the Holly Springs Police Department to the rank of Sergeant. At that time, Plaintiff Marion assumed all duties and increased responsibilities accompanying hsi promotion to Sergeant and has served in such capacity since February 2013. Plaintiff Marion pay rate should have been increased from $14.47 an hour to $20.73 an hour. The Defendant have failed to increase Plaintiff Marion's rate of pay since his promotion in February 2013 and have continued to pay him at the rate of $14.47.

## CAUSES OF ACTION

## VIOLATION OF FLSA

28.     The allegations set forth in paragraphs 1- 27 above are hereby incorporated herein by reference.

-5-

29.     Plaintiffs, as police officers and first responders, are not exempt employees and are protected by the minimum wage and overtime provisions of the FLSA. Such protection entitles them to overtime pay for all time and a half worked over forty hours per week.

30.     At all times relevant herein, Defendants were responsible for paying wages to the Plaintiffs as employees of the City of Holly Springs Police Department.

31.     Defendants' violation of the FLSA include, but are not limited to:

   a.      Unlawfully docking Plaintiffs' overtime pay by paying the Plaintiffs a "flat salary" to Plaintiffs regardless of the number of actual hours worked per week;

   b.      Unlawfully failing to compensate the Plaintiffs for overtime for hours worked in excess of forty (40) hours per week;

   c.      "Rolling over" hours worked in excess of forty-three (43) hours per week to subsequent pay periods thereby denying the Plaintiffs rightful overtime pay;

   d.      By failing to compensate Plaintiffs for attendance of training sessions, workshops and other meetings before and after the officer's regular work schedule or shifts; and

   E.      Unlawfully compensating the Plaintiffs overtime at less than 1.5 times their regular pay.

32.     Defendants conduct in failing to pay the Plaintiffs properly was and is not based upon any reasonable interpretation of the law.

33.     As a result of the Defendants unlawful conduct, the Plaintiffs have suffered damages as set forth herein.

34.     Defendants' actions in denying Plaintiffs' overtime compensation is in violation of the FLSA. Defendants' actions were intentional and willful.

## FAILURE TO COMPENSATE PLAINTIFFS MARION AND GREEN FOR

35. The allegations set forth in paragraphs 1- 34 above are hereby incorporated herein by reference.

36. In February 2013, Plaintiff Falando Marion was promoted by the Holly Springs Police Department to the rank of Sergeant.

37. At that time of his promotion, Plaintiff Marion assumed all duties and increased responsibilities accompanying his promotion to Sergeant and has served in such capacity since February 2013.

38. At the time of his promotion in February 2013, Plaintiff Marion pay rate should have been increased from $14.47 an hour to $20.73 an hour.

39. Since Plaintiff Marion's promotion in February 2013, the Defendant have failed to increase Plaintiff Marion's rate of pay and have continued to pay him at the rate of $14.47 an hour. As a result of the Defendant's failure to properly compensate Plaintiff Marion at the Sergeant rate of pay, Plaintiff Marion has incurred a loss in pay in excess of $33,000.00 representing back pay due to him at the correct rate of pay since February 2013. .

40 .Plaintiff Daniel Green, while employed as a police officer with Holly Springs Police Department, also received a promotion. As a result of said promotion, Plaintiff Green's was entitled to and increase in his pay rate.

41. Since Plaintiff Green's promotion, Defendants' have failed to increase Plaintiff Green's rate of pay and Plaintiff Green has incurred a loss in pay as a result of Defendants' refusal to pay him at the pay commiserate with his increase in rank.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court enter an Order providing that:

1.    Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom in violation of federal wage and hourly laws;

2.    Defendants are to compensate, reimburse and make the Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions, including, but not limited to, past loss of earnings;

3.    That Plaintiffs be awarded, pursuant to the FLSA, liquidated damages in an amount equal to their actual damages in this case;

4.    The Plaintiffs be awarded the costs and expenses of this action and reasonable legal fees as provided under the FLSA, 29 U.S.C. § 216(b);

5.    That Plaintiffs Falando Marion and Daniel Green be awarded all back pay due to them as a result of the Defendants' failure to increase their rate of pay upon their promotions.

6.    The Plaintiffs be awarded such other relief this Court deems just and proper in the premises.

Respectfully submitted,

SPARKMAN-ZUMMACH, P.C.

S/Gregory C. Morton
Gregory C. Morton (#10562)
Attorneys for Plaintiffs
7125 Getwell Road, Suite 201
Southaven, MS 38671
662-349-6900