FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

BOBBY WEST, COYA JACKSON, DIANECHIA
PATTERSON, MICHAEL PERKINS,
FILANDO MARION, JANET F. POWER,
AND DANIEL GREEN                                                                                    PLAINTIFFS

VS.                                                              CIVIL ACTION NO. 3:16CV79-MPM-RP

CITY OF HOLLY SPRINGS, MISSISSIPPI,
KELVIN O. BUCK, Mayor of the
City of Holly Springs, and JOHN DOES 1-5                                                  DEFENDANTS

## ORDER GRANTING MOTION TO AMEND AND SUPPLEMENT PLEADINGS

On September 28, 2017, Plaintiffs Bobby West, Cora Jackson, Dianechia Patterson, Michael Perkins, Falando Marion, Janet F. Power, and Daniel Green (collectively "Plaintiffs") filed a Motion to Amend and Supplement Pleadings. Docket 36. Plaintiffs West and Jackson allege that "since the filing of the Complaint in this action, Defendants have committed numerous adverse actions against them, including but not limited to, filing of false felony criminal charges against Jackson, and West's demotion and termination from the Holly Springs Police Department." *Id*. Plaintiffs' original Complaint was filed on April 21, 2016, and the Amended Complaint was filed on May 5, 2016. Docket 1, 3. The parties' deadline for amendments to the pleadings was October 12, 2016. Docket 10.

Ordinarily, Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings. However, after the scheduling order's deadline to amend has expired, Federal Rule of Civil Procedure 16(b) regarding scheduling is implicated and requires a showing of "good cause" before modifying the Court's scheduling deadlines. The good cause standard requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315

F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).

The Fifth Circuit has adopted a four-factor test to determination whether "good cause" exists under Rule 16(b)(4): "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (citations omitted). Once good cause for not meeting the deadline is shown, "the more liberal standard of Rule 15(a) will apply." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003).

Rule 15(a) states that the court should "freely give leave when justice so requires," and the Fifth Circuit has held that "[a]mendments should be liberally allowed." Fed. R. Civ. P. 15(a); *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994) (citations omitted). The court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, (and) futility of amendment" in determining whether to grant a motion to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiffs West and Jackson seek to amend their Complaint to include "transactions, occurrences and claims relating to alleged retaliatory actions in violation of 29 U.S.C. § 215." Docket 37 at 1. Plaintiffs state that on August 16, 2017, Jackson was served with a warrant for his arrest charging him with disturbance in a public place in violation of Mississippi Code Annotated § 87-35-13 for events occurring on July 21, 2017, when Jackson attempted to retrieve his final paycheck from the City of Holly Springs. *Id*. at 2-3. Jackson alleges that Officer Darryl Bowen, Assistant Chief of Police for the City of Holly Springs, signed the criminal affidavit at

the "order and direction of Mayor [Buck]" leading to the Justice Court of Marshall County, Mississippi issuing the arrest warrant. *Id*. at 3. Jackson further alleges that the same criminal affidavit was filed in the Municipal Court of Holly Springs, Mississippi for which Jackson was served with a summons and taken into custody "despite no warrant being issued by the Court." *Id*. The Circuit Court of Marshall County, Mississippi ultimately dismissed the charges against Jackson. Jackson alleges that Defendants City of Holly Springs, Mississippi and Kelvin O. Buck "acted in concert to cause a false affidavit to be issued to bring criminal charges against Jackson" in the Justice and Municipal Courts. Jackson seeks to add claims for retaliation, false imprisonment, and malicious prosecution and seeks damages against Defendant under to 29 U.S.C. § 215.

West alleges that in January 2017, he was demoted from detective to patrolman without explanation. Docket 37 at 4. West states that he lost the use of a take home vehicle issued by the police department which was provided as part of his compensation in his previous role as detective. *Id*. West claims that Defendants warned that he should resign from the department, creating a hostile work environment. *Id*. at 5. Ultimately, West states that he was fired without explanation or valid basis on July 19, 2017, and that such action was motivated by his assertion of his wage and hour rights under the Fair Labor Standards Act in the action. *Id*. at 4-5. West seeks to add a retaliation claim and seeks damages against Defendants under 29 U.S.C. § 215.

Plaintiffs Jackson and West assert that under Federal Rule of Civil Procedure 16(b), good cause exists to extend the scheduling deadlines because the events and transactions giving rise to their proposed claims "did not occur until after the expiration of the scheduling order deadline for amending the complaint and were timely brought." Docket 37 at 8. Plaintiffs state that the proposed claims are related to and a result of filing of their original Complaint and therefore

should be adjudicated in the same action. *Id*. Plaintiffs argue that the proposed retaliation claims are proper under FLSA's anti-retaliation provision proving that it is unlawful for any person "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter…." 29 U.S.C. § 215(a)(3). *Id*. at 6. Plaintiffs state that they have pled a causal connection between the protective activity and the adverse action to establish a violation under 28 U.S.C. § 215(a)(3). *Id*. at 6-7.

According to Plaintiffs, any potential prejudice can be cured by a "relatively brief continuance of the scheduled trial in this case and an extension of the discovery period to permit investigation of such facts and claims." *Id*. Contemporaneous with the filing of the instant motion, Plaintiffs moved for a trial continuance and for modification of the scheduling order. Docket 34.

In response, Defendants argue that "said allegations are not related to the FLSA and such claims must be filed independently of the herein matter." Docket 43 at 1. Defendants deny Plaintiffs' assertion that the proposed claims are causally related to the original Complaint and without explanation state that "any such amendment is prejudicial to the Defendants in this matter." *Id* at 2. Separately Defendants filed a Motion to Dismiss and/or Alternatively Deny Plaintiffs' Motion to Amend and Supplement Pleadings. Docket 42. Defendants claim that Plaintiffs' motion is untimely, that the retaliation and false imprisonment claims are unrelated to the FLSA, and that Defendants will be prejudiced as they have already "expended time and funds to defend the matter under the FLSA." Docket 42 at 2.

The Court has considered Defendants brief and conclusory objections and finds that Plaintiffs have established the requisite good cause to modify the deadlines under Federal Rule

of Civil Procedure 16(b)(4). Plaintiffs could not have sought leave to add the proposed additional claims prior to the expiration of the deadline for amendments on October 12, 2016, because the events giving rise to these claims had not yet occurred. The Court finds that the proposed retaliation claims are related to the FLSA and are authorized under 28 U.S.C. § 215(a)(3). As to the proposed false imprisonment and malicious prosecution claims, the Court finds that Plaintiffs have alleged a sufficient basis for jurisdiction in that these state law claims arise from the alleged retaliatory conduct thus forming part of the same controversy. Therefore, the Court finds that the proposed amended claims are not futile. The Court notes that Defendants did not file any dispositive motions prior to the expiration of the motions deadline, and any potential prejudice caused by granting the motion to amend can be cured by trial continuance and extension of the discovery and motions deadlines.

The Court further finds that justice requires the proposed amendment be permitted and as such, leave to amend should be granted under Rule 15(a)(2). Therefore, Plaintiffs' Motion to Amend and Supplement Pleadings is **GRANTED**, and Plaintiffs must electronically file their Second Amended Complaint in the same form as Exhibit A to the motion within seven (7) days from the date of this Order. Defendants' Motion to Dismiss and/or Alternatively Deny Plaintiffs' Motion to Amend and Supplement Pleadings is **DENIED.**

**SO ORDERED**, this the 1st day of December, 2017.

/s/ Roy Percy
UNITED STATES MAGISTRATE