# UNITED STATES DISTRICT COURT
# IN THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

BOBBY WEST, COYA JACKSON, MICHAEL PERKINS
and FILANDO MARION                                                          PLAINTIFFS

VS.                                                    CIVIL ACTION NO. 3:16CV79-MPM-RP

CITY OF HOLLY SPRINGS, MISSISSIPPI,
KELVIN O. BUCK, Mayor of the
City of Holly Springs, and JOHN DOES 1-5                                    DEFENDANTS

## ORDER

Plaintiffs Bobby West and Michael Perkins have each filed motions in limine seeking to prohibit defendant from mentioning certain acts of misconduct which they are alleged to have committed while employed by the City of Holly Springs. The court, having considered plaintiffs' motions and defendant's responses, concludes that each of the motions should be denied.

The limited scope of the motion in limine procedural device is clear:

> A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977). When ruling upon motions in limine, evidence should not be excluded "unless it is clearly inadmissible on all potential grounds." *Goode v. City of Southaven*, No. 3:17-CV-60, 2019 U.S. Dist. LEXIS 36828, at *2 (N.D. Miss. Mar. 7, 2019) (quotations omitted). "Rulings on a motion in limine are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Id*.

With these standards in mind, this court first addresses West's motion to exclude any argument that he deliberately and intentionally wrecked his police vehicle in January 2017. It is undisputed that West's vehicle was damaged in an accident while he was driving it, but he contends that it was simply a result of, *inter alia*, icy conditions which prevailed at the time. [Plaintiff's depo. at 33]. West accordingly argues that there is no evidence to support a finding that he intentionally wrecked his vehicle and that any suggestion that he did so is highly prejudicial and should be barred under Fed. R. Evid. 401 and 403. [Brief at 2]. For its part, defendant openly acknowledges that it suspects plaintiff of having deliberately wrecked his vehicle, given the timing of the accident. In particular, defendant notes that the accident happened while West was returning his patrol car on his last day with the detective division, after he had been transferred out of that division. [Defendant's brief at 2]. Defendant contends that, given this timing, it regards the incident as an intentional act made out of anger and spite. In the court's view, the crucial factor is that this is an FLSA retaliation claim, in which defendant's subjective motivation for firing plaintiff is the key disputed fact issue. That being the case, any evidence regarding the reasons which led defendant to terminate plaintiff is very much relevant. Accordingly, even if the evidence suggests that defendant fired plaintiff based on a genuine, yet mistaken, belief that he had intentionally wrecked his vehicle, then that would still tend to constitute a defense to any FLSA retaliation claim.

In the court's view, a jury is entirely capable of considering the evidence relating to the accident and determining whether defendant had a genuine suspicion that West had deliberately wrecked his vehicle. If West is correct that there is no good reason to have suspected that he deliberately wrecked his vehicle, then the jury may well react negatively to any suggestion by defendant that he did so. This thus strikes this court as being an issue which could potentially

2

cut both ways with a jury, depending upon how the facts develop at trial. At any rate, this court concludes that a jury should be allowed to consider the evidence in this context, and plaintiff's motion in limine will therefore be denied.

A similar analysis applies to plaintiff Michael Perkins' motion to exclude, pursuant to Fed. R. Evid. 403, any evidence of past disciplinary actions taken against him during his eighteen-year career as a Holly Springs police officer. Perkins asserts that most of the prior infractions in his personnel file were either minor and/or occurred many years ago, and he argues that they should be excluded under Rule 403. As with West's motion in limine, however, this court concludes that any evidence which might shed light on the reasons for the adverse employment actions sustained by Perkins is very much relevant in this case, and this includes his history of prior infractions. Rule 403 provides that the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." However, simply because the testimony is adverse to the opposing party testimony does not mean it is unfairly prejudicial. *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 427 (5th Cir. 2006). "There must be a danger of unfair prejudice, not merely the danger of prejudice inherent in any relevant evidence; and its probative value must be substantially outweighed by that danger." *Moore v. Ashland Chem.*, 126 F.3d 679, 692 (5th Cir. 1997).

As with West's claim, the crucial disputed fact issue with regard to Perkins' retaliation claim is defendant's motive in suspending him and removing him from the street crimes unit. In the court's view, defendant has a legitimate argument that it chose to punish Perkins more harshly because of his prior history of infractions, and, that being the case, any evidence of such

3

infractions is relevant evidence in this case. While this evidence may tend to place plaintiff in a bad light, this court does not regard such evidence as being *unfairly* prejudicial within the meaning of Rule 403. Plaintiff's motion in limine will therefore be denied.

It is therefore ordered that plaintiffs' motions in limine are denied.

This, the 6th day of June, 2019.


/s/ MICHAEL P. MILLS
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI