UNITED STATES DISTRICT COURT
IN THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

BOBBY WEST, COYA JACKSON, DIANECHIA
PATTERSON, MICHAEL PERKINS,
FILANDO MARION, JANET F. POWER,
AND DANIEL GREEN                                                                              PLAINTIFFS

VS.                                               CIVIL ACTION NO. 3:16CV79-MPM-RP

CITY OF HOLLY SPRINGS, MISSISSIPPI,
KELVIN O. BUCK, Mayor of the
City of Holly Springs, and J
OHN DOES 1-5                                                                                  DEFENDANTS

## ORDER

This cause comes before the court on its own motion, ordering the parties to file, prior to trial, amended pleadings which fully set forth their claims and defenses in this case. In the court's view, the pleadings filed by both sides in this case include certain omissions which it would be helpful to clarify prior to trial.

In his Third Amended complaint, plaintiff Cora Jackson asserted a malicious prosecution claim against "defendants" in this case, which includes both Mayor Buck and the City of Holly Springs. In its answer, the City failed to raise sovereign immunity as a defense to this claim, and none of the parties appear to have taken note of this issue until shortly before trial, when this court's staff brought it to their attention. Representations from defense counsel make it clear that the City does, in fact, assert sovereign immunity as a defense in this case, and, that being the case, defendant should clearly assert it as an affirmative defense. *See Estate of Grimes ex rel. Grimes ex rel. Wrongful Death Beneficiaries v. Warrington,* 982 So. 2d 365, 370 (Miss. 2008)("This Court considers MTCA immunity as an affirmative defense.")

1

In granting the City an opportunity to amend its answer, this court is not attempting to give defendant a "break" so much as to vindicate Mississippi law, as it was intended to operate. In *Univ. of Mississippi Med. Ctr. v. Oliver*, 235 So. 3d 75, 83 (Miss. 2017), the Mississippi Supreme Court recently made it clear that malicious prosecution actions may only be brought against governmental employees *individually* and that their employers may not be held vicariously liable for any such malicious prosecutions.

In so concluding, the Supreme Court wrote in *Oliver* that:

> Under Section 11–46–5(2), torts in which malice is an essential element "are not within the course and scope of employment." *Zumwalt*, 19 So.3d at 688. "Thus, these intentional torts are outside the scope of the MTCA's waiver of immunity, and the MTCA does not apply." *Id.* Rather, "any legal action against a governmental employee for these intentional torts must necessarily proceed against him or her as an individual." *Id.* Malice is an essential element of malicious prosecution. *Strong v. Nicholson*, 580 So.2d 1288, 1293 (Miss. 1991). This means, to prove UMMC's officers committed malicious prosecution, Oliver must prove the officers acted with malice. If he meets this burden, then necessarily he has proven they were acting outside the course and scope of their employment for purposes of the MTCA. *See* Miss. Code Ann. § 11–46–5(2) (Rev. 2012); *see also* Miss. Code Ann. § 11–46–7(2) (Rev. 2012) (containing identical provision). For UMMC, this means, as a matter of law, it cannot be liable, and sovereign immunity cannot be considered to have been waived for the alleged malicious conduct of its officers. So the circuit court erred by not granting UMMC summary judgment on this basis. For McBeath and Stewart, this means Oliver's malicious-prosecution action necessarily proceeds against them in their individual capacities. *See Zumwalt*, 19 So.3d at 688. Because the MTCA does not apply, Section 11–46–7(2) does not act as a shield against individual liability. *See* Miss. Code Ann. § 11–46–7(2); *see also Rogers v. City of Tupelo, Miss.*, 2015 WL 3450266, at *12.

*Oliver,* 235 So. 3d at 82-83.

In light of this authority, plaintiff should have known that asserting a malicious prosecution claim against the City was improper under Mississippi law. Under these circumstances, this court sees no valid argument that plaintiff would be suffering any legal prejudice by granting defendant leave to amend its answer. It certainly would have been

2

preferable for defendant to have asserted this affirmative defense in its original answer, but it is well settled that "delay without resulting prejudice to [the non-moving party] is not sufficient to warrant denial of [a] motion [to amend a pleading]." Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 6 Fed. Prac. & Proc. Civil § 1488 (3d ed. April 2016) ("In most cases, delay alone is not a sufficient reason for denying leave.").

In order for a court to determine if the threat of prejudice to the opposing party is "undue," courts should consider "the hardship to the moving party if leave to amend is denied, the reasons for the moving party failing to include the material to be added in the original pleading, and the injustice resulting to the party opposing the motion should it be granted." *United States v. All Assets Held at Bank Julius*, 229 F. Supp. 3d 62, 68 (D.D.C.). In considering the "hardship" and "injustice" in this context, this court notes that, even if it were to deny defendant leave to amend, then it would still presumably serve as the trier of fact in any MTCA action against the City.[1] Given the court's view that plaintiff's malicious prosecution claim against the City is defective as a matter of substantive Mississippi law, then it would almost certainly not permit plaintiff to obtain recovery against the City on that claim. In so stating, this court notes that § 11–46–7(2)'s provision that malice-based claims are outside the course and scope of employment establishes substantive Mississippi law, apart from any asserted affirmative defense of immunity.

The City of Holly Springs acts through its Board of Aldermen, and there is no contention that the Board ordered plaintiff to be prosecuted for disturbing the peace. Rather, it was Mayor Buck who asked that plaintiff be prosecuted, and any recovery against the City for his actions in

---

[1] If this is somehow incorrect, then this court would still be required to address any motions for judgment as a matter of law before the case was submitted to a jury.

this regard would, presumably, depend upon the *respondeat superior* doctrine. However, § 11–46–7(2) makes it clear that any malice-based decision by Mayor Buck in this context was outside of the course and scope of his employment, as a matter of substantive Mississippi law. It therefore seems clear that, even if this court were to deny the City leave to assert sovereign immunity as an affirmative defense, then plaintiff's malicious prosecution claim against the City would still be meritless. This fact clearly supports a conclusion that plaintiff would not be unduly prejudiced by the City being granted leave to amend its answer, and it will accordingly be given an opportunity to do so.

By the same token, this court concludes that the "promotion pay" plaintiffs should be granted an opportunity to amend their complaint to plainly assert the implied contract and promissory estoppel theories upon which they rely in this case. While the promotion pay claims set forth in the Third Amended Complaint are quite straight-forward and easy to understand, it is also true that the complaint did not specifically assert "implied contract" and "promissory estoppel" as theories of recovery. This court does not believe that defendant would suffer any undue prejudice by plaintiffs being allowed to amend their complaint in this regard, since, once again, the nature of the claims is quite straight-forward. This court is showing defendant a certain degree of leniency in allowing it to amend its answer, and it believes that this is a context in which sauce for the goose is sauce for the gander.

In light of the foregoing, it is ordered that plaintiffs and defendant should submit, prior to trial, amended pleadings consistent with this order.

This, the 9th day of June, 2019.

    /s/ Michael P. Mills
    UNITED STATES DISTRICT JUDGE
    NORTHERN DISTRICT OF MISSISSIPPI