# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**BOBBY WEST, ET AL.**                                                                       **PLAINTIFFS**

**VS.**                                                               **CAUSE NO. 3:16CV79-MPM-RP**

**CITY OF HOLLY SPRINGS, MISSISSIPPI, ET AL.**                           **DEFENDANTS**

# ORDER

This cause comes before the court on its own motion, ruling as a matter of law that the filing of the instant FLSA lawsuit constituted protected activity under federal retaliation law. Footnote 5 of the Fifth Circuit's Model Jury Instruction 11.5 provides that: "[w]hether activity is protected … will generally be determined by the court as a matter of law, particularly for participation clause cases."  This is a participation clause case, since it arises from the filing of a formal FLSA lawsuit, which is the quintessential protected activity under federal retaliation law.

In defendant's proposed jury instruction 17(c), it seeks to have the jury decide whether plaintiffs had a good faith basis for believing, when they filed this lawsuit, that they had actually been denied overtime pay.  Defendant cited the very same footnote 5 of Model Jury Instruction 11.5 in support of its proposed instruction, but it did not mention the fact that the instruction explicitly states that it is only applicable in opposition clause cases, not participation clause cases.  This court finds that omission to be troubling.  Opposition clause cases involve much less formal acts of resistance to discrimination than the filing of a lawsuit, so there's a much stronger basis for arguing that there is no protected activity in such cases.

As this court made clear in its summary judgment order, it was only when the report of defendant's expert Joseph Hines was produced, long after this lawsuit had been filed, that

plaintiffs should have known that they had actually been overpaid. Until that time, a great deal of confusion prevailed regarding the effect of the City's new payment system, and this court has no reason to doubt that plaintiffs acted in good faith in filing this lawsuit. Indeed, this court notes that, at the evidentiary hearing which it held, counsel for plaintiffs was quite forthright and candid regarding his agreement with Mr. Hines' report. This court does not believe that the same plaintiffs' counsel would have filed this lawsuit absent a good faith belief that underpayments had actually occurred.

Once again, Fifth Circuit model jury instructions state that courts should generally decide as a matter of law whether activity was protected in a participation clause like this one, and this court therefore finds that the filing of the instant FLSA lawsuit constituted protected activity. It appears from its proposed jury instructions that defendant wishes to inquire into now-irrelevant matters such as whether plaintiffs were actually overpaid. In the court's view, the prejudicial effect of such testimony would greatly outweigh any arguable relevance it might have, and it specifically instructs the parties not to inquire into these matters. This court has already granted defendant summary judgment on its FLSA wage claims, but the time for addressing the merits of those claims has passed. The federal claims in this case involve the simple question of whether defendant retaliated against plaintiffs for filing this lawsuit, and this court directs the parties to proceed accordingly at trial.

So ordered, this the 10th day of June, 2019.

/s/ Michael P. Mills
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI