IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

BOBBY WEST, ET AL.                                                                           PLAINTIFFS

VS.                                                                        CAUSE NO. 3:16CV79-MPM-RP

CITY OF HOLLY SPRINGS, MISSISSIPPI, ET AL.                                        DEFENDANTS

**ORDER**

During the late stages of the trial in this matter, defendant City of Holly Springs raised, for the first time, an argument that punitive damages are not available in FLSA retaliation cases. Defendant did not mention this issue in either summary judgment briefing or in the pretrial order, and it initially submitted its own proposed instruction on the punitive damages issue. While the court does not find defendant's arguments on this issue to have been waived, the late hour at which they were raised does serve to drastically reduce the amount of time which it has had to consider it. With this caveat, this court will briefly set forth its ruling on this issue.

Based upon this court's rather hurried research, there is a split among circuit courts regarding the availability of punitive damages in FLSA retaliation cases. *Compare Shea v. Galaxie Lumber & Const. Co.,* 152 F.3d 729, 734 (7th Cir. 1998)(punitive damages available in FLSA retaliation cases) with *Snapp v. Unlimited Concepts, Inc.,* 208 F.3d 928, 934 (11th Cir. 2000)(punitive damages not available). While the Fifth Circuit does not appear to have directly addressed this issue, a Texas district court concluded, based on the Fifth Circuit's decision in *Dean v. Am. Sec. Ins. Co.*, 559 F.2d 1036, 1039 (5th Cir.1977), that it would likely reject the

awarding of punitive damages in FLSA retaliation cases. In so concluding, U.S. District Judge Kathleen Cardone wrote in a 2010 order that:

> Just as it held with respect to emotional distress damages, the Fifth Circuit in *Dean* held that punitive damages are unavailable under the ADEA. 559 F.2d at 1038. As discussed above, because the ADEA and FLSA must be interpreted consistently with respect to remedies, this Court must hold that punitive damages are not recoverable in an anti-retaliation claim brought under the FLSA.

*Douglas v. Mission Chevrolet*, 757 F. Supp. 2d 637, 640 (W.D. Tex. 2010). Judge Cardone thus concluded, based on *Dean*, that neither emotional distress nor punitive damages were available in FLSA retaliation cases.

If this court had considered this issue in 2010, it might well have reached the same result as Judge Cardone. As it happens, however, this court has the benefit of the Fifth Circuit's 2016 decision in *Pineda v. JTCH Apartments, L.L.C.*, 843 F.3d 1062 (5th Cir. 2016), which counsels in favor of a different result here. In *Pineda*, the Fifth Circuit found that emotional distress damages are, in fact, available in FLSA retaliation cases. *Pineda*, 843 F.3d at 1066. Moreover, while the Fifth Circuit in *Pineda* did not address the availability of punitive damages in FLSA retaliation cases, it appeared to reject the application of *Dean*'s ADEA-based holding in the FLSA context. Specifically, the Fifth Circuit emphasized in *Pineda* that *Dean* applied the "pre-1977 FLSA" which "limited relief to economic damages and did not even allow private retaliation suits." *Id.* at 1065. The Fifth Circuit further wrote in *Pineda* that:

> [T]he final "as may be appropriate to effectuate the purposes" phrase on which *Dean* focuses warrant a different result when it comes to the FLSA retaliation provision. The FLSA has no comparable legislative preference for the ADEA's administrative conciliation and mediation scheme that motivated the ruling in *Dean*. . . . We thus conclude that our case law interpreting the ADEA is no obstacle to joining other circuits in deciding that the FLSA's broad authorization of "legal and equitable relief" encompasses compensation for emotional injuries suffered by an employee on account of employer retaliation.

*Id.* As noted by Judge Cardone in *Douglas*, it is *Dean* which provides the strongest argument that the Fifth Circuit would reject punitive damages in the FLSA retaliation context. Given that *Pineda* appeared to disavow *Dean* in the FLSA context, this certainly seems to increase the likelihood that the Fifth Circuit would follow the lead of the Seventh Circuit and hold that punitive damages are available in FLSA retaliation cases.

For its part, this court can discern legitimate arguments on both sides of this issue, and it offers no firm opinion on how the Fifth Circuit will eventually resolve it. This court does believe, however, that the facts of this case provide some support for keeping punitive damages as one option in FLSA retaliation cases. In concluding that punitive damages should not be allowed in ADEA cases, the Fifth Circuit in *Dean* relied heavily upon the fact that liquidated damages were available under that statute. *Dean,* 559 F.2d at 1039. ("The provisions for liquidated damages for willful violation of the Act and its silence as to punitive damages convinces us that the omission of any reference thereto was intentional."). While the FLSA similarly allows for the possibility of liquidated damages, such damages are calculated by doubling the lost wages which are awarded. The simple fact, however, is that there are many plaintiffs who suffer from a form of retaliation which results in no lost wages and who thus have no apparent basis for seeking liquidated damages.

In this case, for example, plaintiff Coya Jackson alleges that defendant filed baseless criminal charges against him in retaliation for this lawsuit. Clearly, there are no lost wages involved in Jackson's claim, and liquidated damages are thus not applicable with regard to that claim. And yet it could scarcely be denied that filing baseless criminal charges is a very serious form of retaliation as to which punitive damages might be considered an appropriate sanction, at least in some cases. In light of the foregoing, it is unclear to this court why punitive damages

3

should be taken off the table as one potential remedy based upon the existence of a liquidated damages remedy which is not even available to many retaliation plaintiffs.

It is unclear exactly what standards the Fifth Circuit would apply in the FLSA punitive damages context if it chooses to recognize them, but it seems likely that it would apply the standards adopted by the U.S. Supreme Court in *Kolstad v. Am. Dental Ass'n,* 527 U.S. 526, 535, 119 S.Ct. 2118, 2124 (1999). The Fifth Circuit has applied *Kolstad* in a number of employment discrimination contexts, and it largely requires a showing that the employer knew that its actions were contrary to federal law. As noted by the Fifth Circuit in a 2007 decision:

> In *Kolstad,* the Court laid out the necessary evidentiary burden for a title VII plaintiff to recover punitive damages. The defendant employer "must at least discriminate in the face of a perceived risk that its actions will violate federal law." *Kolstad,* 527 U.S. at 536, 119 S.Ct. 2118. Even intentional discrimination may not meet this standard where the employer is "unaware of the relevant provision" or "discriminates with the distinct belief that its discrimination is lawful." *Id.* at 537, 119 S.Ct. 2118. The plaintiff must impute liability to the defendant company through some theory of vicarious liability, *id.* at 539, 119 S.Ct. 2118, and must overcome the employer's good-faith exception.

*E.E.O.C. v. Stocks, Inc.,* 228 F. App'x 429, 431 (5th Cir. 2007).

With these standards in mind, this court notes that it has found triable fact issues with regard to whether three of the seven FLSA plaintiffs in this case were retaliated against. This strikes this court as a rather high rate of alleged retaliation. This alleged retaliation took on quite serious forms, including termination and the filing of criminal charges. Given the serious and pervasive nature of the alleged retaliation in this case, this court concludes that, if defendant actually committed these acts of retaliation, it did so "in the face of a perceived risk that its actions will violate federal law" within the meaning of *Kolstad*. Indeed, the Fifth Circuit in *Pineda* appeared to find that FLSA retaliation claims involve the sort of misconduct which would tend to make punitive damages appropriate, writing that while "an employer can inadvertently pay less than the law requires . . . it cannot unintentionally retaliate against an

4

employee who complains about it." *Pineda,* 843 F.3d at 1064–65. This language appears to increase the likelihood that the Fifth Circuit would want to at least keep punitive damages as an option in FLSA retaliation cases.

As a final note, this court is of the view that considerations of judicial economy support allowing the jury in this case to at least make findings on the issue of punitive damages to maximize the options which are available to the Fifth Circuit on appeal. If this court were to prevent the jury from ruling on the punitive damages issue, then the Fifth Circuit would be forced to remand this case for a new trial on damages in the event that it concluded that punitive damages are, in fact, available in FLSA retaliation cases. By contrast, if the Fifth Circuit should conclude on appeal that punitive damages are not available in FLSA retaliation cases, then it can simply vacate any award of punitive damages in this case. This court therefore concludes that it should at least make a record regarding the punitive damages issue in this case, and it will instruct the jury to render verdicts on this issue. With regard to the contents of the punitive damages jury instruction, defendant submitted a proposed instruction which reflects its view of the proper punitive jury instruction, in the event that they are available. Plaintiffs have advised this court that they do not object to this proposed instruction, and it will accordingly be granted as submitted.

This, the 12th day of June, 2019.

/s/ Michael P. Mills
U.S. DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI